Filed 11/26/25  P. v. Hart CA2/6

Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT
### DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B311264 |
| | (Super. Ct. No. 1501773) |
| Plaintiff and Appellant, | (Santa Barbara County) |
| v. | |
| | OPINION ON TRANSFER |
| JOEL ROBERT HART, | FROM SUPREME COURT |
| Defendant and Respondent. | |

The People appeal a trial court order finding that the court lacked jurisdiction to decide alleged probation violations by defendant Joel Robert Hart.  Hart was convicted of violating Penal Code section 273.5, subdivision (a) and was placed on probation for five years.[1]

In our prior decision in 2022, relying on *People v. Faial* (2022) 75 Cal.App.5th 738, 746, we held the retroactive application of Assembly Bill No. 1950 (§ 1203.1) shortened Hart's probation terms to four years but it did not divest the trial court

_____

[1] All statutory references are to the Penal Code.

of jurisdiction to decide whether Hart committed probation violations occurring during the original five-year period when he was on probation. We reversed the trial court. Our Supreme Court now reversed the *Faial* Court of Appeal decision and transferred this matter to us with directions to vacate our prior decision in light of *People v. Faial* (2025) 18 Cal.5th 199. In compliance with that order, we vacate our prior decision and affirm the trial court's order.

## FACTS

Hart was convicted of violating section 273.5, subdivision (a) on July 8, 2016. He was placed on five years' probation.

On November 9, 2020, the People filed a notice of probation violation with a scheduled hearing date of November 12, 2020. They alleged, among other things, that Hart did not report to the probation department, his whereabouts were "unknown," and he did not attend a court-ordered treatment program.

On November 12, 2020, the trial court summarily revoked Hart's probation and scheduled a probation violation hearing on November 19, 2020. On November 19, the court continued the case to December 3, 2020. On December 3, the court continued the case to January 5, 2021. The case was continued again to January 7, and then to January 14.

Hart moved to terminate probation as expired. He claimed Assembly Bill No. 1950, which was passed by the Legislature and signed by the Governor on September 30, 2020, reduced his probation term to four years.

The trial court continued the case to January 19, 2021. At that hearing the People argued that Hart's violations "occurred in November of 2020" and his probation "was revoked." At that time, Assembly Bill No. 1950 was not the law.

2

The trial court ruled that in light of Assembly Bill No. 1950, it did not have jurisdiction. Hart's violation of probation occurred "after the expiration of the four years" as the "maximum term of his probation" required by Assembly Bill No. 1950.

DISCUSSION

In *People v. Faial, supra,* 18 Cal.5th at page 220, our Supreme Court held that "in amending section 1203.1, the Legislature has authorized courts, consistent with [*In re Estrada* (1965) 63 Cal.2d 740] principles, to retroactively shorten probation terms . . . . [Citation.] Thus, if a probation term is shortened . . . under amended section 1203.1, conduct that would have constituted a probation violation, but is now deemed to have occurred outside [the new statutory] term may not be the basis for terminating that probation." The court's " 'power to impose a sentence over the defendant ceases entirely.' " (*Ibid.*) Because Hart's alleged probation violations occurred beyond the new four-year probation period required by section 1203.1, the trial court correctly ruled that it lacked jurisdiction.

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.          CODY, J.

3

Von T. Nguyen Deroian, Judge

Superior Court County of Santa Barbara

_____

John T. Savrnoch, District Attorney, Marguerite Clipper Charles, Deputy District Attorney, for Plaintiff and Appellant.

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Respondent.